JDM 6.28.23

PEB/JK: USAO 2023R00004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND



| | |
|---|---|
| UNITED STATES OF AMERICA | **CRIMINAL NO.   JKB-23-36** |
| v. | **(Conspiracy to Commit Sexual Exploitation of a Child, 18 U.S.C. § 2251(e); Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Coercion and Enticement of a Minor, 18 U.S.C. § 2422(b); Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, 18 U.S.C. § 2252(a)(2) & 2256; Receipt of Child Pornography, 18 U.S.C. § 2252(a)(2); Conspiracy to Commit Transportation of a Minor, 18 U.S.C. § 2423(e); Transportation of a Minor, 18 U.S.C. § 2423(a); Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B); Aiding & Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. §§ 2253 and 2428)** |
| JOHN W. BALCH, | |
| JANE ELLEN CAMPBELL, | |
| ASHLEY MARIE TIBBS, and | |
| AMBER LAUREN RICKETTS | |
| **Defendants.** | |

---

## SECOND SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Commit Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

### General Allegations

At all times material to this Second Superseding Indictment:

1. **JOHN W. BALCH ("BALCH")** was born in 1947, and resided in Jacksonville, Florida.

2. **JANE ELLEN CAMPBELL ("CAMPBELL")** was born in 1988 and resided in Hagerstown, Maryland.

3. Minor Victim 1, a prepubescent female, was born in 2007, and was 9 year old at all times relevant to the Second Superseding Indictment.

1

4.      From at least 2017 through 2022, **BALCH** and **CAMPBELL** communicated on an internet-based social media platform regarding the exploitation of Minor Victim 1.

5.      Beginning no later than January 2017 and continuing through at least in or about July 2017, **BALCH** used the internet and email applications to persuade, induce, entice, and coerce Minor Victim 1 to engage in sexually explicit conduct.   During these internet-based communications, **BALCH** caused, and attempted to cause, **CAMPBELL** to produce visual depictions that depicted Minor Victim 1 engaged in sexually explicit conduct.

## Manner and Means of the Conspiracy

6.      It was part of the conspiracy that **BALCH** paid **CAMPBELL** to produce sexually explicit images of Minor Victim 1.

7.      It was further part of the conspiracy that **BALCH** instructed **CAMPBELL** to send the images to **BALCH** using email and the internet.

8.      It was further part of the conspiracy that **BALCH** promised to pay and did pay money to **CAMPBELL** in exchange for the files of Minor Victim 1.

9.      It was further part of the conspiracy that **BALCH** instructed **CAMPBELL** to encourage Minor Victim 1 to engage in sexually explicit conduct.

10.     It was further part of the conspiracy that **CAMPBELL** produced images of Minor Victim 1's genitals and sent these files via her cellular phone to **BALCH** who saved them to his AOL internet-based account associated with the email address "interlaken@aol.com".

## The Charge

11.     From on or about January 27, 2017 through on or about July 7, 2017, the defendants,

**JOHN W. BALCH,** and
**JANE ELLEN CAMPBELL,**

conspired and agreed with one another to employ, use, persuade, induce, entice, and coerce any

2

minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depictions were produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a).

18 U.S.C. § 2251(e)

## COUNT TWO
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 10 of the General Allegations of Count One of this Second Superseding Indictment are incorporated here.

2.      On or about January 29, 2017, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

**JOHN W. BALCH,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a prepubescent minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, that is, **BALCH** asked **CAMPBELL** to produce images of Minor Victim 1 engaged in sexually explicit conduct and to send the images to **BALCH** using email and the internet.

18 U.S.C. §§ 2251(a) & 2256
18 U.S.C. § 2

## COUNT THREE
(Coercion and Enticement)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 10 of the General Allegations of Count One of this Second Superseding Indictment are incorporated here.

2.      On or about January 29, 2017, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

**JOHN W. BALCH,**

using any facility and means of interstate and foreign commerce, knowingly attempted to and did persuade, induce, entice, and coerce Minor Victim 1, who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, namely, Maryland Criminal Law § 3-602, sexual offense in the third degree.

18 U.S.C. §§ 2422(b), 2427
18 U.S.C. § 2

5

## COUNT FOUR
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 10 of the General Allegations of Count One of this Second Superseding Indictment are incorporated here.

2.     On or about March 3, 2017, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

### JOHN W. BALCH,

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a prepubescent minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, that is, **BALCH** asked **CAMPBELL** to produce images of Minor Victim 1 engaged in sexually explicit conduct and to send the images to **BALCH** using email and the internet.

18 U.S.C. §§ 2251(a) & 2256
18 U.S.C. § 2

## COUNT FIVE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 10 of the General Allegations of Count One of this Second Superseding Indictment are incorporated here.

2.      On or about July 7, 2017, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

**JOHN W. BALCH,** and
**JANE ELLEN CAMPBELL,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a prepubescent minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of 3 image files depicting the lascivious display of Minor Victim 1's exposed genitals, said image files having been stored in the email account associated with email address "interlaken@aol.com".

18 U.S.C. § 2251(a) & 2256
18 U.S.C. § 2

## COUNT SIX
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 10 of the General Allegations of Count One of this Second Superseding Indictment are incorporated here.

2.      On or about July 7, 2017, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

**JANE ELLEN CAMPBELL,**

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depiction being of such conduct, that is, **CAMPBELL** distributed 3 image files depicting the lascivious display of Minor Victim 1's exposed genitals.

18 U.S.C. §§ 2252(a)(2) & 2256
18 U.S.C. § 2

8

**COUNT SEVEN**
(Receipt of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 10 of the General Allegations of Count One of this Second Superseding Indictment are incorporated here.

2.      On or about July 7, 2017, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

**JOHN W. BALCH,**

did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct and such depiction being of such conduct, that is, the **BALCH** received 3 image files depicting the lascivious display of Minor Victim 1's exposed genitals.

18 U.S.C. §§ 2252(a)(2) & 2256
18 U.S.C. § 2

9

**COUNT EIGHT**
(Conspiracy to Commit Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

**General Allegations**

At all times material to this Second Superseding Indictment:

1.      **JOHN W. BALCH ("BALCH")** was born in 1947, and resided in Jacksonville, Florida.

2.      **ASHLEY MARIE TIBBS** ("**TIBBS**") was born in 1990 and resided in Hagerstown, Maryland.

3.      Minor Victim 2, a prepubescent male, was born in 2009, and was 11-13 years old at all times relevant to the Second Superseding Indictment.

4.      Minor Victim 3, a prepubescent female, was born in 2019, and was 3 years old at all times relevant to the Second Superseding Indictment.

5.      Minor Victim 4, a prepubescent female, was born in 2017 and was 5 years old at all times relevant to the Second Superseding Indictment.

6.      From at least June 2021 through August 2022, **BALCH** and **TIBBS** communicated using mobile phones, email, and the internet regarding the exploitation of Minor Victim 2, Minor Victim 3, and Minor Victim 4.

7.      Beginning no later than June 2021 and continuing through at least in or about August 2022, **BALCH** used a mobile phone, email, and the internet to persuade, induce, entice, and coerce Minor Victim 2, Minor Victim 3, and Minor Victim 4 to engage in sexually explicit conduct.  During these internet-based communications, **BALCH** caused, and attempted to cause, **TIBBS** to produce visual depictions that depicted Minor Victim 2, Minor Victim 3, and Minor Victim 4 engaged in sexually explicit conduct.

**Manner and Means of the Conspiracy**

8.      It was part of the conspiracy that **BALCH** paid **TIBBS** to produce sexually explicit videos of Minor Victim 2, Minor Victim 3, and Minor Victim 4.

9.      It was further part of the conspiracy that **BALCH** instructed **TIBBS** to send the videos to **BALCH** using email and the internet.

10.     It was further part of the conspiracy that **BALCH** promised to pay and did pay money to **TIBBS** in exchange for the files of Minor Victim 2, Minor Victim 3, and Minor Victim 4.

11.     It was further part of the conspiracy that **TIBBS** used her mobile phone and email to solicit payment from **BALCH** in exchange for producing sexually explicit files of Minor Victim 2, Minor Victim 3, and Minor Victim 4.

12.     It was further part of the conspiracy that **TIBBS** produced videos of a prepubescent female's genitals and depicting **TIBBS** committing various sex acts on the prepubescent female and **TIBBS** saved the files on her mobile phone and **TIBBS** sent some of these files via her mobile phone to **BALCH** who saved them on his mobile phone to his AOL internet-based account associated with the email address "interlaken@aol.com".

13.     It was further part of the conspiracy that **TIBBS** produced a video of prepubescent female's genitals and depicting **TIBBS** committing sex acts on the prepubescent female and **TIBBS** sent the file via her mobile phone to **BALCH** who saved the file on his mobile phone.

**The Charge**

14.     From on or about June 2021, through on or about August 15, 2022, the defendants

**JOHN W. BALCH,** and
**ASHLEY MARIE TIBBS,**

conspired and agreed with one another to employ, use, persuade, induce, entice, and coerce any minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such

11

conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depictions were produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a).

18 U.S.C. § 2251(e)

**COUNT NINE**
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of the General Allegations of Count Eight of this Second Superseding Indictment are incorporated here.

2.     From on or about June 3, 2021, through in or about July 6, 2021, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

**JOHN W. BALCH,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a Minor Victim 2, a prepubescent minor male to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, that is, **BALCH** asked **TIBBS** to produce images of Minor Victim 2 engaged in sexually explicit conduct and to send the images to **BALCH** using email and the internet.

18 U.S.C. §§ 2251(a) & 2256
18 U.S.C. § 2

## COUNTS TEN THROUGH NINETEEN
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 13 of the General Allegations of Count Eight of this Second Superseding Indictment are incorporated here.

2.     On or about the dates listed below, each being a separate count, in the District of Maryland and elsewhere, the defendant,

**JOHN W. BALCH,** and
**ASHLEY MARIE TIBBS,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depictions were produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, as follows:

| Count | Date | Details |
|---|---|---|
| 10 | July 6, 2021 | A series of 2 video files, titled "20210706_114117.mp4" and "20210706_114047.mp4", depicting an adult hand inserted into and touching a prepubescent female's exposed genitals. |
| 11 | July 6, 2021 | A video file, "titled 20210706_172801.mp4", depicting an adult hand rubbing a prepubescent female's exposed genitals. |
| 12 | July 13, 2021 | A video file, titled "20210713_140024.mp4", depicting an adult hand touching a prepubescent female's genitals. |
| 13 | August 9, 2021 | A series of 2 video files, titled, "2021080995091419.mp4", and "2021080995091603.mp4", depicting an adult hand touching the exposed genitals of a prepubescent female. |

14

| Count | Date | Details |
|-------|------|---------|
| 14 | July 19, 2022 | A series of 2 image files, titled "201140" and "201246", depicting a prepubescent female, nude from the waist down, standing in a bathtub, with her genitals visible. |
| 15 | July 20, 2022 | A series of 2 image files titled "160812" and "160759", one depicting a prepubescent female's exposed genitals and one depicting an adult hand touching the prepubescent female's exposed genitals. |
| 16 | July 21, 2022 | A series of 2 image files and one video file titled "24229", "124313" and "124358", depicting and adult hand touching a prepubescent female's exposed genitals. |
| 17 | July 28, 2022 | A video file partially titled "_094442", depicting an adult hand touching and penetrating a prepubescent female's exposed genitals. |
| 18 | July 28, 2022 | A series of 3 video files partially titled, "816_001.mp4", "094529.mp4", and "094529_001.mp4", depicting an adult female's mouth on a prepubescent female's exposed genitals, and an adult hand touching the prepubescent female's exposed genitals. |
| 19 | August 11, 2022 | A series of 2 video files titled, "617_001.mp4" and "617_002.mp4" depicting an adult hand touching a prepubescent female's exposed genitals and the adult's mouth touching and simulating the touching the prepubescent female's exposed genitals. |

said image files having been produced on a Samsung Galaxy A21 cellphone, Model A216U1, S/N:

R9ANA1036KJ, manufactured outside Maryland.


18 U.S.C. §§ 2251(a) & 2256
18 U.S.C. § 2

## COUNTS TWENTY THROUGH TWENTY-TWO
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1.        Paragraphs 1 through 13 of the General Allegations of Count Eight of this Second Superseding Indictment are incorporated here.

2.        On or about July 29, 2022, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

**ASHLEY MARIE TIBBS,**

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depiction being of such conduct, that is, **TIBBS** used email and the internet to distribute the following:

| Count | Details |
|-------|---------|
| 20 | A video, titled "20220728_094529.mp4", depicting a prepubescent female nude and partially nude, while **TIBBS** places her mouth and hand on the prepubescent female's genitals. |
| 21 | A video, titled, "20220728_094529_001.mp4", depicting a prepubescent female nude and partially nude, while **TIBBS** places her mouth and hand on the prepubescent female's genitals. |
| 22 | A video, titled, 20220728_094442.mp4", depicting a prepubescent female nude and partially nude, while **TIBBS** places a hand on the prepubescent female's genitals. |

18 U.S.C. §§ 2252(a)(2) & 2256
18 U.S.C. § 2

## COUNTS TWENTY-THREE THROUGH TWENTY-FIVE
(Receipt of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 13 of the General Allegations of Count Eight of this Second Superseding Indictment are incorporated here.

2.      On or about July 29, 2022, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

### JOHN W. BALCH,

did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct and such depiction being of such conduct, as follows:

| Count | Details |
|-------|---------|
| 23 | A video, titled "20220728_094529.mp4", depicting a prepubescent female nude and partially nude, while **TIBBS** places her mouth and hand on the prepubescent female's genitals. |
| 24 | A video, titled, "20220728_094529_001.mp4", depicting a prepubescent female nude and partially nude, while **TIBBS** places her mouth and hand on the prepubescent female's genitals. |
| 25 | A video, titled, 20220728_094442.mp4", depicting a prepubescent female nude and partially nude, while **TIBBS** places a hand on the prepubescent female's genitals. |

18 U.S.C. §§ 2252(a)(2) & 2256
18 U.S.C. § 2

## COUNT TWENTY-SIX
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about August 15, 2022, in the District of Maryland, the defendant,

**ASHLEY MARIE TIBBS,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant possessed a Samsung Galaxy A21 cellphone, Model SM-A215U1, S/N: R9ANA1036KJ, manufactured outside Maryland, containing one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256
18 U.S.C. § 2

## COUNT TWENTY-SEVEN
(Conspiracy to Commit Transportation of a Minor)

The Grand Jury for the District of Maryland further charges that:

### General Allegations

At all times material to this Second Superseding Indictment:

1.      **JOHN W. BALCH ("BALCH")** was born in 1947, and resided in Jacksonville, Florida.

2.      **CO-CONSPIRATOR #1** was born in 1982 and resided in Martinsburg, West Virginia.

3.      Minor Victim 5, a minor female, was born in 2006, and was 15 years old or younger at all times relevant to the Second Superseding Indictment.

4.      From approximately July 2021 through January 2023, **BALCH** and **CO-CONSPIRATOR #1** communicated on mobiles phones using texting applications and email regarding the exploitation of Minor Victim 5.

5.      Beginning in approximately July 2021 and continuing through approximately January 2023, **BALCH** used the internet, mobile phones, and email to persuade, induce, entice, and coerce Minor Victim 5 to engage in sexual activity for which any person can be charged with a criminal offense, and to engage in sexually explicit conduct.

6.      Beginning no later than July 2021 and continuing through at least in or about January 2023, **BALCH** traveled from Florida to Hagerstown, Maryland.  **BALCH** paid **CO-CONSPIRATOR #1** to transport Minor Victim 5 from West Virginia to Hagerstown Maryland where **BALCH** engaged in sexual activity with Minor Victim 5.

7.      During these internet-based communications, **BALCH** caused, and attempted to cause, **CO-CONSPIRATOR #1** to transport Minor Victim 5 from West Virginia to Maryland to engage in sex acts with **BALCH**.

19

8.   During these internet-based communications, **BALCH** caused, and attempted to cause, **CO-CONSPIRATOR #1** to produce visual depictions that depicted Minor Victim 5 engaged in sexually explicit conduct.

### Manner and Means of the Conspiracy

9.   It was part of the conspiracy that **BALCH** promised to pay and did pay **CO-CONSPIRATOR #1** to transport Minor Victim 5 from West Virginia to Hagerstown, Maryland to engage in sexual acts with **BALCH**.

10.   It was further part of the conspiracy that **BALCH** engaged in sexual acts with Minor Victim 5 in Maryland.

11.   It was further part of the conspiracy that **BALCH** paid **CO-CONSPIRATOR #1** to produce sexually explicit images of Minor Victim 5.

12.   It was further part of the conspiracy that **BALCH** instructed **CO-CONSPIRATOR #1** to send the images to **BALCH** using email and the internet.

13.   It was further part of the conspiracy that **BALCH** promised to pay and did pay money to **CO-CONSPIRATOR #1** in exchange for the files of Minor Victim 5.

14.   It was further part of the conspiracy that **CO-CONSPIRATOR #1** produced images of Minor Victim 5's genitals and sent these files via her cellular phone to **BALCH** who saved them to his mobile phone.

### The Charge

15.   From on or about July 2021 through on or about January 2023, in the District of Maryland, the Northern District of West Virginia, the Middle District of Florida, and elsewhere, the defendant,

**JOHN W. BALCH,**

conspired and agreed with one another to transport Minor Victim 5, an individual who had not

attained the age of 18 years in interstate commerce, with intent that Minor Victim 5 engage in sexual activity for which any person can be charged with a criminal offense, namely, Maryland Criminal Law § 3-307, sexual offense in the third degree, in violation of 18 U.S.C. § 2423(a).

18 U.S.C. § 2423(e)

## COUNT TWENTY-EIGHT
(Transportation of a Minor)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 of the General Allegations of Count Twenty-Seven of this Second Superseding Indictment are incorporated here.

2.      From on or about July 2021 through on or about January 2023, in the District of Maryland, the Northern District of West Virginia, the Middle District of Florida, and elsewhere, the defendant,

**JOHN W. BALCH,**

did knowingly transport Minor Victim 5, an individual who had not attained the age of 18 years in interstate commerce, with intent that Minor Victim 5 engage in sexual activity for which any person can be charged with a criminal offense, namely, Maryland Criminal Law § 3-307, sexual offense in the third degree.

18 U.S.C. § 2423(a)
18 U.S.C. § 2

22

## COUNT TWENTY-NINE
(Conspiracy to Commit Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 14 of the General Allegations of Count Twenty-Seven of this Second Superseding Indictment are incorporated here.

2.     From on or about July 2021 through on or about September 2022, in the District of Maryland, the Northern District of West Virginia, the Middle District of Florida, and elsewhere, the defendant,

### JOHN W. BALCH,

conspired and agreed with **CO-CONSPIRATOR #1** to employ, use, persuade, induce, entice, and coerce any minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depictions were produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a).

18 U.S.C. § 2251(e)
18 U.S.C. § 2

## COUNT THIRTY
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.      Paragraphs 1 through 14 of the General Allegations of Count Twenty-Seven of this Second Superseding Indictment are incorporated here.

2.      On or about March 23, 2022, in the District of Maryland, the Northern District of West Virginia, and elsewhere, the defendant,

**JOHN W. BALCH,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depictions were produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, that is, a video file, titled, "Media0", depicting Minor Victim 5's hand touching her exposed genitals.

18 U.S.C. §§ 2251(a) & 2256
18 U.S.C. § 2

24

## COUNT THIRTY-ONE
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about July 7, 2017 through on or about November 10, 2022, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

### JOHN W. BALCH,

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, the defendant did maintain an AOL internet-based email account affiliated with the email addresses "interlaken@aol.com," which account contained one or more visual depictions of prepubescent minors engaged in sexually explicit conduct.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

25

## **COUNT THIRTY-TWO**
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about January 18, 2023, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

### **JOHN W. BALCH,**

did knowingly possess any material that contained an image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which image had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and which was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, that is, that is, the defendant possessed a Samsung S21 Ultra 5G, S/N: R5CR50DRG2J, manufactured outside Maryland, containing one or more visual depictions of prepubescent minors engaged in sexually explicit.

18 U.S.C. §§ 2252A(a)(5)(B) & 2256

## COUNT THIRTY-THREE
### (Conspiracy to Commit Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

### General Allegations

At all times material to this Second Superseding Indictment:

1.      **JOHN W. BALCH ("BALCH")** was born in 1947, and resided in Jacksonville, Florida.

2.      **AMBER LAUREN RICKETTS** ("**RICKETTS**") was born in 1991 and resided in Frederick, Maryland.

3.      Minor Victim 6, a prepubescent female, was born in 2007, and was 11 to 15 years old at all times relevant to the Second Superseding Indictment.

4.      From at least December 2019 through August 2022, **BALCH** and **RICKETTS** communicated using mobile phones, email, and the internet regarding the exploitation of Minor Victim 6.

5.      Beginning no later than December 2019 and continuing through at least in or about August 2022, **BALCH** used a mobile phone, email, and the internet to persuade, induce, entice, and coerce Minor Victim 6 to engage in sexually explicit conduct.  During these internet-based communications, **BALCH** caused, and attempted to cause, **RICKETTS** to produce visual depictions that depicted Minor Victim 6 engaged in sexually explicit conduct.

### Manner and Means of the Conspiracy

6.      It was part of the conspiracy that **BALCH** paid **RICKETTS** to produce sexually explicit videos of Minor Victim 6.

7.      It was further part of the conspiracy that **BALCH** instructed **RICKETTS** to send the videos to **BALCH** using email and the internet.

8.      It was further part of the conspiracy that **BALCH** promised to pay and did pay money to **RICKETTS** in exchange for the files of Minor Victim 6.

9.      It was further part of the conspiracy that **RICKETTS** used her mobile phone and email to solicit payment from **BALCH** in exchange for producing sexually explicit files of Minor 6.

10.     It was further part of the conspiracy that **RICKETTS** produced videos of a prepubescent female's genitals **RICKETTS** sent some of these files via the internet and email to **BALCH** who saved them on his mobile phone to his AOL internet-based account associated with the email address "interlaken@aol.com".

11.     It was further part of the conspiracy that **RICKETTS** produced images of prepubescent female's genitals and **RICKETTS** sent the file via the internet and email to **BALCH** who saved the file on his mobile phone.

### The Charge

12.     On or about December 16, 2019, the defendants,

**JOHN W. BALCH,** and
**AMBER LAUREN RICKETTS,**

conspired and agreed with one another to employ, use, persuade, induce, entice, and coerce any minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, said visual depictions were produced and transmitted using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251(a).

18 U.S.C. § 2251(e)

**COUNT THIRTY-FOUR**
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland further charges that:

1.     Paragraphs 1 through 11 of the General Allegations of Count Thirty-Three of this Second Superseding Indictment are incorporated here.

2.     On or about December 16, 2019, in the District of Maryland and elsewhere, the defendants,

**JOHN W. BALCH,** and
**AMBER LAUREN RICKETTS,**

knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a prepubescent minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, and said visual depictions were produced using materials that were mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, that is, a series of 12 image files, 4 of which depict the lascivious display of Minor Victim 6's exposed genitals, said image files having been stored in the email account associated with email address "interlaken@aol.com".

18 U.S.C. § 2251(a) & 2256
18 U.S.C. § 2

## COUNTS THIRTY-FIVE
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

1.       Paragraphs 1 through 11 of the General Allegations of Count Thirty-Three of this Second Superseding Indictment are incorporated here.

2.       On or about December 16, 2019, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

### AMBER LAUREN RICKETTS,

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depiction being of such conduct, that is, **RICKETTS** used email and the internet to distribute a series of 12 image files, 4 of which depict the lascivious display of Minor Victim 6's exposed genitals, said image files having been stored in the email account associated with email address "interlaken@aol.com".

18 U.S.C. §§ 2252(a)(2) & 2256
18 U.S.C. § 2

## COUNT THIRTY-SIX
(Receipt of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

3.      Paragraphs 1 through 11 of the General Allegations of Count Thirty-Three of this Second Superseding Indictment are incorporated here.

4.      On or about December 16, 2019, in the District of Maryland, the Middle District of Florida, and elsewhere, the defendant,

### JOHN W. BALCH,

did knowingly receive any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct and such depiction being of such conduct, that is, a series of 12 image files, 4 of which depict the lascivious display of Minor Victim 6's exposed genitals, said image files having been stored in the email account associated with email address "interlaken@aol.com".

18 U.S.C. §§ 2252(a)(2) & 2256
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 2253 and 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of a defendant's conviction under any of the offenses alleged in Counts One through Thirty-Two of this Second Superseding Indictment.

### Child Pornography Forfeiture

2.      Upon conviction of any of the offenses set forth in Counts One, Two, Three through Twenty-Six, or Twenty-Nine through Thirty-Six of this Second Superseding Indictment, the defendant,

**JOHN W. BALCH,**
**JANE ELLEN CAMPBELL,**
**ASHLEY MARIE TIBBS,** and
**AMBER LAUREN RICKETTS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a.  any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

b.  any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c.  any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

**Coercion and Enticement Forfeiture**

3.      Upon conviction of any of the offenses set forth in Counts Three or Twenty-Seven through Twenty-Eight of this Second Superseding Indictment, the defendant,

**JOHN W. BALCH,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

    a.      Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and

    b.      Any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such offenses.

**Property Subject to Forfeiture**

4.      The property to be forfeited includes, but is not limited to, the following:

    a.  Samsung S21 Ultra 5G, S/N: R5CR50DRG2J; and

    b.  Samsung Galaxy A21, Model SMA215U1, S/N R9ANA1036KJ

**Substitute Assets**

5.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

34

the United States shall be entitled to forfeiture of substitute property up to the value of the

forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18

U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
18 U.S.C. § 2428
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Erek L. Barron
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**

Foreperson

Date: June 28, 2023

35