IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN W. BALCH | CASE NO: JKB-23-036 |

**GOVERNMENT'S SENTENCING MEMORANDUM IN SUPPORT
OF A SENTENCE OF 60 YEARS FOR JOHN W. BALCH**

The United States of America respectfully recommends that John W. Balch be sentenced to 60 years imprisonment followed by lifetime supervised probation for his pervasive sexual abuse of children. From 2007 until his arrest in January 2023, Balch exploited 6 minors between the ages of 3 and 15. Balch paid the victims' mothers to assist him in exploiting the victims in a variety of ways, including producing sexually explicit files of the victims and sending the files to Balch, performing sex acts on victims (including toddlers) and sending files depicting that abuse to Balch, and paying one mother to allow Balch to repeatedly engage in intercourse and other sex acts with the victim in a hotel room.

As discussed below, the statutory sentencing requirements for the crimes charged in this case mandate a sentence of no less than 15 and no more than 60 years. Consideration of the sentencing factors enumerated in Title 18, United States Code, Section 3553(a) also recommend a significant prison sentence to protect the public from the defendant, to reflect the seriousness of the defendant's offenses, and to deter the defendant, who exploited the most vulnerable children for his sexual desires. In short, the only just sentence is a substantial period of incarceration, reflecting the seriousness of each of the defendant's disturbing and ongoing criminal offenses.

I. **BACKGROUND**

On October 24, 2023, the defendant pled guilty to Counts Two and Eighteen of the Second

Superseding Indictment, each charging him with Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a). The sentencing hearing on this matter is scheduled for January 26, 2024. United States Probation Officer Carissa J. Perez prepared the Presentence Report, which provides for a final offense level of 43, a criminal history category I, and an advisory guidelines of 60 years' imprisonment. The government agrees with the guideline calculation in the Pre-Sentence Report (PSR).

### A. Facts of the Offense

The facts in this case are truly disturbing and reflect the danger that the defendant poses to the public, and to children in particular. During the guilty plea hearing, the defendant, under oath, admitted that the following facts were true:

On October 24, 2023, the defendant agreed that the following facts were true:

> John Balch ("Balch"), age 75, is a resident of Jacksonville, Florida, and has been since 2006. Balch is a former resident of Hagerstown, Maryland. Between 2017 and 2022, Balch sexually exploited six minors between the ages of 3 years old and 15 years old. Balch paid the victims' mothers, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, to produce images and videos of the victims engaged in sexually explicit conduct. The exploitation also included paying the victims' mothers to perform sex acts on their prepubescent children, record the abuse, and send the files to Balch, as well as paying Somersall to transport her 15-year-old daughter to engage in sex acts with Balch in a hotel room.
>
> **Balch's Sexual Exploitation of ▮▮▮▮▮▮▮▮▮ daughter, Minor Victim 1 (age 9)**
>
> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a resident of Hagerstown, Maryland. ▮▮▮▮▮ and Balch met through ▮▮▮▮▮▮ parents in approximately 2007. In recent years, ▮▮▮▮▮▮ drove various women to have commercial sex with Balch in hotels when Balch would travel to Maryland from his home in Florida. In 2017, Balch asked ▮▮▮▮▮▮ multiple times to produce naked images of her 9 year old daughter, Minor Victim 1, which ▮▮▮▮▮▮ did.
>
> Group 1: Sexual Exploitation of Minor Victim 1 on January 29, 2017 (Count 2):
>
> On January 29, 2017, using an email account, Balch asked ▮▮▮▮▮▮ to

2

produce images of Minor Victim 1 in a "red or black or pink bikini or hip huggers," and send the images to him. After ▆▆▆▆ produced an image of Minor Victim 1 in partially see-through lace underwear and sent it to Balch, he asks for additional photos, and said that ▆▆▆▆ would "probably" get the money tonight if she sent a picture of Minor Victim 1's "coochie, if you can." Balch also told ▆▆▆▆ that she should "Teach her how to masturbate correctly", referring to Minor Victim 1. ▆▆▆▆ told Balch, "not yet john, she's 9 maybe I will work that in at a later time."

Group 2:  Sexual Exploitation of Minor Victim 1 on March 3, 2017 (Count 4):

In March 2017, using his email account, Balch asked ▆▆▆▆ to groom her daughter by providing ▆▆▆▆ with a bogus reason to tell the 9-year-old as to why ▆▆▆▆ needed to take the explicit photos: "Remember she would rather the Dr just get pics then laying on an examining station with her legs up in stirrups (smiley emoji)". Days later, after ▆▆▆▆ described that Minor Victim 1 "threw a fit" and said, "she rather go to see the doctor", Balch responded, "I think we should abandon the whole project. Besides, *when the time comes years from now the reaction and hesitancy will be worse*" (emphasis added).

Group 3:  Sexual Exploitation of Minor Victim 1 on July 7, 2017 (Count 5):

In July 2017, ▆▆▆▆ sent Balch close up images of Minor Victim 1's genitals and anus. Balch responded to the photos with the following messages:

- Hey. Thanks hun. Looked sort of like 3 of the same shot but awesome nevertheless.
- Thanks love. How about some boob and panty shots next
- Wow babe. I want sooo much to see it in person. Lol
- That think is as smooth as a cueball (smiley face emoji)
- Still don't know how you did it so close up

The email exchange, including the images, were located in Balch's email account. Messages in their online accounts further reflect that Balch paid for ▆▆▆▆ family to travel to Florida with her children 2019. Balch and ▆▆▆▆ discussed that trip in an email exchange in 2022 when ▆▆▆▆ asked to visit again. Balch specifically asked if ▆▆▆▆ will be bringing Minor Victim 1, yet did not mention any of the other children. In April 2022, when ▆▆▆▆ asked Balch for money, Balch asked if Minor Victim 1 was "ready yet," and if ▆▆▆▆ had asked Minor Victim 1 "if she was ready to at least mess around a little?" ▆▆▆▆ confirmed to Balch that Minor Victim 1 was 15 and a virgin, and Balch responded by encouraging ▆▆▆▆ to talk to Minor Victim 1 about masturbating:

Sounds like she may have some serious hangup babe. Have you asked her does she masturbate ? Talk to her about that – it's totally normal and most girls start

3

at 10 to 12 yrs old with rubbing themselves off.

I just think maybe you haven't been as active as a teacher and information source as you could be. Mother nature gives her hormones whether she wants them or not. She can't stop; that from happening. You just need to teach her what to do with them

Balch's phone and Minor Victim 1's phone also reveal that as 2023 when Balch was arrested, Balch had been initiating conversations directly with Minor Victim 1 since at least 2021.  In December 2022, in a text message exchange with Minor Victim 1, Balch asked Minor Victim 1 to send him photographs – Minor Victim 1 then sent Balch images depicting her in her cheerleading uniform.

During a 2023 interview, Minor Victim 1 described her most recent in-person contact with Balch. Minor Victim 1 had a rough day at school, and ▇▇▇ picked her up early, and the two went out to dinner, and then just the two of them went to Balch's hotel in Hagerstown. Minor Victim 1 described how she was vulnerable in front of Balch for the first time, told him about her day, and cried. As the visit ended, Balch handed Minor Victim 1 $20, told her she was beautiful, and then tried to kiss her on the lips.  Minor Victim 1 moved her face and Balch kissed her cheek.  Balch later apologized and told her he was sorry for making her uncomfortable, and encouraged her to do well in school.  This incident occurred in December 2022 when Minor Victim 1 was 15 years old.

Using Cash App, Balch paid ▇▇▇ $3,245.00 between November 23, 2020 and August 5, 2022.

**Sexual Exploitation of ▇▇▇ Children:  Minor Victims 2 (age 11), 3 (age 3) and 4 (age 5) (June 2021 through August 2022)**

Group 4:  Sexual Exploitation of Minor Victim 2 in June 2021 (Count 9):

Balch's phone revealed text messages between Balch and ▇▇▇ from June 3, 2021 through August 2022, where Balch asked ▇▇▇ to produce child pornography of her son, Minor Victim 2, who was approximately 11 & 12 years old at the time. ▇▇▇ agreed to produce the depictions, although no corresponding files have been located. Balch asked ▇▇▇ to encourage Minor Victim 2 to masturbate, and asked her to record it, and Balch also asked ▇▇▇ to engage in sex acts with Minor Victim 2 and to involve others, and to record that as well. A sample of the messages from June 2021 includes:

BALCH       Take a video of you beating him off

BALCH       But I want you to participate. I want him to fuck you to lose his cherry

4

| | |
|---|---|
| BALCH | You owe me a long video of you sucking and fucking your baby boy |
| BALCH | You were supposed to take pics/video of [Minor Victim 2] stroking his cocktail remember ? |
| BALCH | And if course still waiting on my [Minor Victim 2] video you promised. But yet I still keep sending you $$$ |
| BALCH | You promised me a video of [Minor Victim 2] stroking his hard cock ? |
| BALCH | Well you promised pics and videos of [female name] modeling and of [Minor Victim 2] and videos/pics of Dallas (and bring her with you). And so far, as always, I have received nothing. So, I think more visits will have to wait until you follow thru. BTW – just looked at a cash app report – I have sent $ to you 117 times totalling many thousands of dollars. SMH |
| BALCH | Sent 200 |
| BALCH | I hope you will jerk him off or at least watch each other beat off. |

Groups 5 through 14:  Sexual Exploitation of Minor Victims 3 and 4 (Counts 10-19):

Balch's phone also contained text messages between him and ▮ explicitly discussing producing videos of her daughters, Minor Victim 3 (age 3) and Minor Victim 4 (age 5). The files ▮ produced were found on Balch's phone, in Balch's AOL email, and on ▮ phone. On July 6, 2021, Balch and ▮ discussed the exploitation of both Minor Victim 3 and 4, and Balch described how he wanted ▮ to abuse the victims. Tibbs sent videos to Balch depicting Tibbs' hand touching the victims' genitals (Counts 10 & 11). Balch thanked her and promised to send money in exchange. ▮ produced similar files and sent them to Balch in July and August of 2021 (Counts 12 & 13).

Between July 2022 and August 2022, ▮ produced 6 additional videos depicting her sexual abuse of her daughter, including masturbation and oral sex. (Counts 14 – 19).

Balch sent the following message to ▮ on July 27, 2022: "And I sent you money to get there but STILL NO video." Balch then sent screen shots showing the payment of $150 on Cash App on July 28, 2022, the same day two of the files described above (Counts 17 & 18) were produced by ▮. ▮ then sent three

5

videos of three different sexual assaults of one of her daughters. Tibbs followed up with the request for money for medicine connected to the video she made. CashApp records show several transactions going from Balch to Tibbs ▬ around this time, totaling $755.

The father of Minor Victims 3 and 4 reported that he observed messages on Tibbs' phone in approximately 2017 wherein Balch requested ▬ arrange for an 8-year-old boy to have sex with a female and send him a video.

In total, Balch paid ▬ $38,325 via Cash App from September 1, 2020 to August 12, 2022.

The chart below reflects the files that ▬ produced at Balch's request:

| Count | Date | Details |
|---|---|---|
| 10 | July 6, 2021 | A series of 2 video files, titled "20210706_114117.mp4" and "20210706_114047.mp4", depicting an adult hand inserted into and touching a prepubescent female's exposed genitals. |
| 11 | July 6, 2021 | A video file, "titled 20210706_172801.mp4", depicting an adult hand rubbing a prepubescent female's exposed genitals. |
| 12 | July 13, 2021 | A video file, titled "20210713_140024.mp4", depicting an adult hand touching a prepubescent female's genitals. |
| 13 | August 9, 2021 | A series of 2 video files, titled, "2021080995091419.mp4", and "2021080995091603.mp4", depicting an adult hand touching the exposed genitals of a prepubescent female. |
| 14 | July 19, 2022 | A series of 2 image files, titled "201140" and "201246", depicting a prepubescent female, nude from the waist down, standing in a bathtub, with her genitals visible. |
| 15 | July 20, 2022 | A series of 2 image files titled "160812" and "160759", one depicting a prepubescent female's exposed genitals and one depicting an adult hand touching the prepubescent female's exposed genitals. |
| 16 | July 21, 2022 | A series of 2 image files and one video file titled "24229", "124313" and "124358", depicting and adult hand touching a prepubescent female's exposed genitals. |
| 17 | July 28, 2022 | A video file partially titled "_094442", depicting an adult hand touching and penetrating a prepubescent female's exposed genitals. |
| 18 | July 28, 2022 | A series of 3 video files partially titled, "816_001.mp4", "094529.mp4", and "094529_001.mp4", depicting an adult female's mouth on a prepubescent female's exposed genitals, and an adult hand touching the prepubescent female's exposed |

6

| Count | Date | Details |
|---|---|---|
|  |  | genitals. |
| 19 | August 11, 2022 | A series of 2 video files titled, "617_001.mp4" and "617_002.mp4" depicting an adult hand touching a prepubescent female's exposed genitals and the adult's mouth touching and simulating the touching the prepubescent female's exposed genitals. |

**Balch's Exploitation of Minor Victim 5 from July 2021 through January 2023**

Group 15:  Sexual Exploitation of Minor Victim 5 on or about March 23, 2022 (Count 30):

 Minor Victim 5 and her mother live in West Virginia.  Balch has known the mother for approximately 20 years – from when the mother worked at a Frederick, Maryland massage parlor patronized by Balch.  Starting in approximately 2020 when Minor Victim 5 was 13 years old, Balch paid Minor Victim 5's mother to teach the victim to masturbate and to produce images and videos and send those images and videos to Balch.  Balch sent the money through electronic transfers. For approximately one year between January 2022 and January 2023, Balch paid Minor Victim 5's mother to drive with Minor Victim 5 from their home in West Virginia to a hotel in Hagerstown, Maryland, so that Balch could engage in sex acts, including vaginal sex, with Minor Victim 5.  Minor Victim 5 had just turned 15 when she first had sex with Balch. Balch's payments for sex with Minor Victim 5 included providing the mother with a $4,000 check, a bank envelope containing $3,000 of cash, and providing both the victim and her mother with mobile phones. The mother said that Balch was "somewhat paranoid" and once stated, "they can't prove nothing you better not open your fucking mouth."

 The day after a March 2022 conversation discussing the mother bringing Minor Victim 5 to meet Balch at a hotel in Hagerstown in exchange for money, Balch sent the following text in response to the mother's request for money, "You will hopefully get 1000 tomorrow and 1000 the next day."

 On March 23, 2022, Balch sent the following message to Minor Victim 5's mother: "If she is willing just send me a nice video of her masturbating until she comes. And you could film it for me". After the message, the mother sent a video of Minor Victim 5 inserting her fingers into her genitals.

**Balch's Exploitation of Minor Victim 6 from July 7, 2017 through December 16, 2019**

Group 16:  Sexual Exploitation of Minor Victim 6 on or about December 16, 2019 (Count 34):

7

Minor Victim 6 was born in 2007 and is the oldest daughter of ▮▮▮▮. In 2019, using his email account to communicate, Balch paid ▮▮▮▮ to produce images of Minor Victim 6's genitals and send the images to Balch. On December 16, 2019, ▮▮▮▮ sent the following email to Balch:



Later that night, ▮▮▮▮ emailed 12 files to Balch. All were created that day in a 7 minute time frame between 7:48 pm and 7:55 pm, using a Motorola phone. The images all depict Minor Victim 6 in a bedroom of her residence in Frederick, Maryland. Four of the images depict Minor Victim 6's genitals in a lascivious manner.

The images of Minor Victim 6 were located in Balch's AOL email account. Additionally, in August 2022, ▮▮▮▮ again took nude photos of Minor Victim 6 at Balch's request, and sent the images to Balch. The images, which depict Minor Victim 6 topless and fondling her breasts, were located on Balch's phone at the time of his arrest. The phone also included Balch's messages to ▮▮▮▮ asking her to send depictions of Minor Victim 6 exposing and fondling her breast.

In May 2023, Minor Victim 6 disclosed to her psychologist that her mother used her cell phone to take multiple videos of her in underwear to sell to Balch, who she knew as "Florida Man." Minor Victim 6 also disclosed that her mother attempted to take exploitive images of her little sister, 12 years old at the time. She stated that she saw messages with Balch asking Minor Victim 6 to fondle herself and then perform a sexual act with her mother.

Between September 30, 2022 and November 7, 2022, Balch paid ▮▮▮▮ $3,410.00 using Cash App.

Doc. 130, Stipulated Facts ¶¶ 9-33.

### B. Applicable Sentencing Guidelines Factors

The defendant's years of exploitation that make up the instant offenses and additional agreed conduct results in *sixteen* separate groups that compute to an offense score of 50, before any reductions. PSR, ¶ 164. The government agrees that the defendant is a criminal history category I. PSR ¶ 171. Because the total offense level, after acceptance of responsibility is 43,[1]

---

[1] The defendant's offense score after acceptance of responsibility is 47. ¶¶ 167-167. However, any offense over 43 shall be treated as a 43.

8

the criminal history calculation has no impact on the guideline range in this case. An Adjusted Base Offense Level of 43 and any criminal history yields a guideline range of life imprisonment. Since the maximum sentence is 60 years, the guideline range is 60 years, or 720 months. PSR ¶ 132.

## II. ARGUMENT

There are no factors that warrant a variance. The defendant's years long exploitation of minors was disturbing and shows the worst of human nature. The defendant's conduct, taken with the sentencing factors set forth in 18 U.S.C. § 3553(a), demands the maximum sentence.

"In sentencing a defendant, first the district court 'shall consider ... the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.' 18 U.S.C. § 3553(a)(4)(A)." Regarding sentencing, the Supreme Court states, "the Guidelines should be the starting point and initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). The Guidelines are the "natural starting point from which the sentencing court exercises its discretion under § 3553(a). *United States v. Langford*, 516 F.3d 205, 212 (3d Cir.2008). This Court therefore "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in section 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes

of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). Another factor that Section 3553(a) considers are similar sentences for similarly situated defendants for to avoid sentence disparities.  18 U.S.C. § 3553(a)(6).  Consideration of these factors necessitates a 60-year sentence.  The mandatory minimum, as requested by the defendant, would be inconsistent with the goals of sentencing.

### A. Nature and circumstances of the offense

The nature and circumstances of the defendant's offenses are disturbing and strongly weigh in favor of a lengthy sentence.  Balch's conduct demonstrates that he has an unwavering sexual interest in children, and preyed on the young children of mothers that he had known for years. Aware of their various vulnerabilities (drugs, emotional trauma, financial distress), Balch manipulated the women to exploit their minor children for his deviant sexual desires.

The seriousness of defendant's manipulation and exploitation of the victims cannot be overstated.  Through their mothers, Balch groomed and manipulated the victims as they reached adolescence, planning to have sex with the victims while they were still virgins and still minors. The messages between Balch and the mothers of victims indicates not only the defendant's exploitation of all ages of minors, but his clear plans to continue and escalate the exploitation through in person sex acts.

Fortunately, one of the fathers discovered images of the abuse on the mother's phone, which led to the discovery of the ongoing abuse of many of the victims.  But for that discovery, the defendant's sexual abuse of the victims would have certainly continued, and continued to escalate.  Undoubtedly, the defendant would have continued to prey on and abuse these victims any other children he would gain access to.

### B. History and characteristics of the defendant

The defendant has no criminal history. The defendant had an abuse free childhood, is well educated with college and master's degrees from Georgetown University, served in the military, and worked for years as an accountant, apparently creating significant financial success. Despite all of these advantages, the defendant acted out on his sexual attraction to children for at least 5 years. He did so repeatedly, without remorse, and he caused the abuse to be recorded.

### C. Reflect the seriousness of the offense, promoting respect for the law, and provide just punishment

This Court's sentence must consider the need to "promote respect for the law." 18 U.S.C. § 3353(a)(2)(A). When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act, which included 18 U.S.C. § 2251, was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. But the Act, and its later amendments, are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. As one Senate Judiciary Committee report concluded: "the use of children…as the subjects of pornographic materials is very harmful to both the children and the society as a whole," describing the conduct as "outrageous." S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 43.

The defendant's actions violated federal law, but they also transgressed every conceivable normative principle undergirding our laws. The defendant paid women to exploit vulnerable children for his sexual pleasure. The defendant has forever affected six children and their families. This Court's sentence must express an appropriate level of social condemnation of his crimes. A

11

sentence of 60 years will vindicate the interests of the victims and appropriately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. Conversely, the minimum sentence requested by the defendant will not promote respect for the law, provide just punishment, or reflect the seriousness of the offense.

### D. Adequate deterrence and need to protect the public

A sentence of 60 years will likewise afford adequate deterrence to criminal conduct and protects the public from further crimes of the defendant. The defendant's criminal convictions and conduct demonstrates that he has been sexually attracted to minors for years and will go to great lengths to act on that desire. The defendant's conduct in this case demonstrates that he represents a danger to the public, particularly to children. The defendant has manipulated, used, and exploited the victims for his own sexual gratification without concern or care for the impact of his abuse. There is a strong need to provide deterrence for any future criminal conduct and to protect the public from the defendant's crimes.

### E. BALCH'S CIA AND MILITARY SERVICE DOES NOT SUPPORT A MORE LENIENT SENTENCE

The defendant's submission asks this Court to impose a more lenient sentence because of the defendant's commendable CIA military and service. The military (and presumably the CIA) values include duty, honor, selfless service, integrity, and personal courage. Key among these values is honor. That is why the military discharges are characterized by the type of service – honorable vs. dishonorable.

There is nothing honorable about the defendant's sexual exploitation of children. There is nothing honorable about the defendant's paying women to send him naked photos and videos of their children, to sexually abuse their children, or to deliver their children to a hotel for the defendant to abuse. The defendant is therefore without honor, and should be ashamed and

12

embarrassed to try to use military service as a mitigating factor. The defendant could demonstrate respect for his country and his service by fully admitting his conduct, recognizing his problem, and accepting the punishment that he deserves – not by hiding behind his service ribbons.

The defendant should be thanked for his service. If entitled, he should receive disability payments from the VA. But he should be punished at least as harshly as someone who has not dishonored others who have worn the uniform or carried their country's flag into battle.

### F. VICTIM CONSIDERATION

It is axiomatic that sexual abuse of children, particularly hands-on sexual abuse, inflicts upon its victim enormous, devastating, and long-lasting harm. That the abuse is inflicted on a child adds a devastating dimension to the harm ordinarily inflicted on rape victims. As the Supreme Court explained while addressing an Eighth Amendment challenge to capital punishment for the rape of a child by her stepfather in *Kennedy v. Louisiana*:

> […] the victim's fright, the sense of betrayal, and the nature of her injuries caused more prolonged physical and mental suffering than, say, a sudden killing by an unseen assassin. The attack was not just on her but on her childhood.... Rape has a permanent psychological, emotional, and sometimes physical impact on the child. We cannot dismiss the years of long anguish that must be endured by the victim of child rape.

554 U.S. at 435 (citing various studies). Those years of anguish can include sudden school failure, unprovoked crying, dissociation, depression, insomnia, sleep disturbances, nightmares, feelings of guilt and inferiority, and self-destructive behavior, including an increased incidence of suicide. *Id.* at 468 ((Alito J., joined by Roberts, C.J., Scalia, and Thomas, JJ., dissenting). Sexually exploited children also struggle to develop healthy affectionate relationships, they suffer from sexual dysfunctions, and they have a tendency to become sexual abusers themselves. *See New York v. Ferber*, 458 U.S. 747, 758 n. 9 (1982) (citation omitted).

The government asks the Court to take all the harm caused by the defendant's conduct into

consideration when determining the appropriate sentence.

## IV. CONCLUSION

The defendant sexually exploited six children over an extended period of time. He caused the documentation of the exploitation, and continually sought more abuse, and more recordings. The victims' and their families' lives are forever changed by the defendant. The United States requests that this Court should sentence the defendant to the maximum term of 60 years' imprisonment and supervised release for life. The United States also requests that *as to each count*, the Court impose a $100 special assessment, a $5,000 special assessment pursuant to 18 U.S.C. § 3014, and $50,000 assessment pursuant to 18 U.S.C. § 2259A.

                                                Respectfully submitted,

                                                Erek L. Barron
                                                United States Attorney

By: _____
     Paul E. Budlow
     Assistant United States Attorney
     Joyce King
     Special Assistant United States Attorney